IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01504-CMA-MJW

HEARINGLIFE USA, INC.,

Plaintiff(s),

v.

GKH HOLDINGS, INC., a Colorado corporation, f/k/a
HearingCare, Inc., d/b/a INDEPENDENT AUDIOLOGY;
GUY HALLIGAN, an individual; and,
KELLY HALLIGAN, an individual,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendants' Motion for Leave to Conduct Expedited Discovery (Incorporating Legal Authority), Docket Number 16, is GRANTED finding good cause shown. When a party demonstrates good cause for expedited discovery, the court may, in the exercise of its broad discretion, alter the timing, sequence and volume of Discovery. Qwest Comm. Int'l, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo., 2003) and Fed. R. Civ. P. 26(d). Good cause for expedited discovery exists here because Defendants do not have sufficient information in their possession to adequately defend themselves against the various factual allegations upon which the Plaintiff's request for Preliminary Injunction is based.

It is FURTHER ORDERED that Plaintiff HearingLife USA, Inc., a Delaware corporation ("HearingLife"), shall provide to Defendants the following discovery on or before July 23, 2010:

1. A list of the addresses of customer/patients of the business Defendants sold to HearingLife. (This information is directly relevant to the reasonableness of the scope of the covenant not to complete that HearingLife seeks to enforce via preliminary injunction).

2. A list of the addresses of the customer/patients of HearingLife in the Northglenn office at the time that Halligans' employment at HearingLife terminated. (This information is directly relevant to the reasonableness of the scope of the covenant not to complete that HearingLife seeks to enforce via preliminary injunction).

3. A list identifying (by name, address and other contact information) the HearingLife employees the Halligans allegedly solicited and copies of any documents pertaining to such solicitation. (This information is directly relevant to HearingLife's assertion that it is being irreparably damaged by Defendants' solicitation of its employees and the injunctive relief it seeks to prevent such alleged solicitation).

4. Copies of all documents containing that trade secret, proprietary and/or confidential information which Defendants allegedly misappropriated from Hearing Life, including but not limited to copies of the information HearingLife alleges Kelly Halligan emailed to herself. (This information is directly relevant to HearingLife's assertion that it is being irreparably damaged by Defendants' misappropriation of trade secrets and the injunctive relief it seeks to prevent such alleged misappropriation, as well as the reasonableness of the scope of the covenant not to complete).

5. A detailed list and description of all other trade secret, proprietary and/or confidential information HearingLife alleges Defendants misappropriated. (This information is directly relevant to HearingLife's assertion that it is being irreparably damaged by Defendants' misappropriation of trade secrets and the injunctive relief it seeks to prevent such alleged misappropriation, as well as the reasonableness of the scope of the covenant not to complete.)

6. Documents supporting or relating to any economic or other harm which HearingLife claims has resulted from any of Defendants' activities that it seek to enjoin. (This information is directly relevant to HearingLife's assertion that it is being irreparably damaged by Defendants' activities and whether it can meet the requirements for injunctive relief under Fed. R Civ. P. 65).

7. All other documents HearingLife intends to introduce into evidence at the hearing.

It is FURTHER ORDERED that the attached written Protective Order (docket no. 16-1) is APPROVED as amended in paragraphs 10 and 12 and made an Order of Court.

Date: July 20, 2010