IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2010-cv-01504-CMA-MJW

HEARINGLIFE USA, INC., a Delaware corporation,

    Plaintiff,

v.

GKH HOLDINGS, INC., a Colorado corporation, f/k/a
HearingCare, Inc., d/b/a INDEPENDENT AUDIOLOGY;
GUY HALLIGAN, an Individual; and KELLY HALLIGAN,
an individual,

    Defendant.

## PROTECTIVE ORDER (Docket No. 16-1)

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all materials and information in hard or paper copy form or electronically stored information produced during discovery, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2356059_1.doc

2. As used in this Protective Order, "Document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate Document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be any trade secret, confidential, proprietary or private product, business, commercial or financial information which is designated as CONFIDENTIAL by a producing party, whether it be a Document, information contained in a Document, information revealed during a deposition, information revealed in an interrogatory answer or response to request for production, or otherwise. In designating information as CONFIDENTIAL, the producing party will make such designation only as to information that it in good faith and reasonably believes is confidential to the producing party.

4. Any party to this litigation may designate confidential information as "CONFIDENTIAL" under this Order. "Stamped Confidential Information" means any document which bears the legend (or has otherwise been identified in a reasonably perceptible way) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under this Order.

5. CONFIDENTIAL information shall not be disclosed or used for any purpose other than the preparation and trial of this case, except as set out herein.

6. CONFIDENTIAL information shall not, without the consent of the producing party or further Order of the Court, be disclosed, except that such information may be disclosed to:

    a) attorneys actively working on this case;

    b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c) the parties, including designated representatives of the parties;

    d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e) the Court and its employees ("Court Personnel");

    f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g) authors, addressees, and recipients of the CONFIDENTIAL information, including those who authored or received the CONFIDENTIAL information prior to the commencement of this litigation; and

    h) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed in paragraph 6 above (other than counsel, persons employed by counsel, the parties, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form of **Exhibit A** attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court, if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof or exhibits thereto shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions or exhibits thereto as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.

The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, consistent with D.C. Colo L.Civ R 7.2, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. From the time of designation to and through the filing of such a motion, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order and shall continue to be treated as CONFIDENTIAL until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its confidentiality designation and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each Document and all copies thereof, including all copies provided to experts, third parties, or others pursuant to paragraphs 6 and 7 of this Protective Order or otherwise, which have been designated as CONFIDENTIAL, shall be returned to the party that designated them CONFIDENTIAL. Alternatively, the parties may elect to destroy CONFIDENTIAL information. Where the parties agree to destroy CONFIDENTIAL information, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. Stamped Confidential Information need not be filed with the clerk, except when required by the Court. If filed, Stamped Confidential Information shall be filed under seal and shall remain sealed so long as it retains its status as Stamped Confidential Information.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ENTERED this 20TH day of July, 2010.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

*Consistent with D.C.Colo.LCivR 7.2*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2010-cv-01504-CMA-MJW

HEARINGLIFE USA, INC., a Delaware corporation,

    Plaintiff,

v.

GKH HOLDINGS, INC., a Colorado corporation, f/k/a
HearingCare, Inc., d/b/a INDEPENDENT AUDIOLOGY;
GUY HALLIGAN, an individual; and KELLY HALLIGAN,
an individual,

    Defendant.

---

## ACKNOWLEDGMENT

---

STATE OF _____    )
                                ) ss.
COUNTY OF _____ )

    I, _____, being duly sworn, state that:

My address is _____.

I have been provided a copy of the Protective Order regarding CONFIDENTIAL information in this case signed by Judge _____.

I am being given access to CONFIDENTIAL information because I am a person included within paragraph 6 of the Protective Order.

I have carefully read and I do understand the provisions of the Protective Order.

I will not use the CONFIDENTIAL information for any purpose, except the preparation and trial of this case. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any materials containing CONFIDENTIAL information or any

**EXHIBIT A**

2356059_1.doc

words, substances, summaries, abstracts, or indices of material containing CONFIDENTIAL information disclosed to me.

Upon request, I will return all materials containing CONFIDENTIAL information and summaries, abstracts, and indices thereof, and copies thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received this information.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on this _____ day of _____, 20___.


By: _____
                Signature


SUBSCRIBED AND SWORN to before me this _____ day of _____, 20___, by _____.

WITNESS MY HAND AND OFFICIAL SEAL.

My Commission expires: _____


_____
Notary Public