IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01504-CMA-MJW

HEARINGLIFE USA, INC., a Delaware corporation,

Plaintiff,

v.

GKH HOLDINGS, INC., a Colorado corporation, f/k/a
HEARINGCARE, INC., d/b/a INDEPENDENT AUDIOLOGY;
GUY HALLIGAN, an individual, and
KELLY HALLIGAN, an individual,

Defendants.

**ORDER REGARDING
DEFENDANTS' MOTION TO AMEND COUNTERCLAIMS TO ADD PRAYER FOR
PUNITIVE DAMAGES (DOCKET NO. 66)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Amend Counterclaims to Add Prayer for Punitive Damages (docket no. 66).  The court has reviewed the subject motion (docket no. 66), the response (docket no. 70), and the reply (docket no. 74).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the subject motion (docket no. 66) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D.

3

Colo. 2001) (quotations and citations omitted).  This court finds that the defendants have satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend their counterclaims.

The second step is consideration of whether the defendants have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend shall be freely given when justice so requires.  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation and quotations omitted).  Based upon this standard, and substantially for the reasons stated in the subject motion (docket no. 66), this court finds that the proposed amendments should be permitted.  The court notes that no trial date has been set in this matter.  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to reopen discovery for a reasonable period and to alter any other deadlines.  Id.  Thus, any prejudice that might arise from these amendments is capable of being cured.  Id.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion to Amend Counterclaims to Add Prayer for Punitive Damages (docket no. 66) is **GRANTED**;
2. That each party shall pay their own attorney fees and costs for this motion.

Done this 3rd day of March 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE